1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN ADAM DIXON,

             Petitioner,

    v.

MARSHALL FERGUSON, et al.,

             Respondents.

CASE NO. C23-828 MJP

ORDER OF DISMISSAL

The Court issues this Order <u>sua sponte</u> (on its own accord) after reviewing Petitioner's "Petition for Non-Statutory Habeas Corpus." (Dkt. No. 1.) The Court DISMISSES Petitioner's petition for lack of subject matter jurisdiction and DISMISSES this action WITH PREJUDICE.

**BACKGROUND**

Petitioner, who is not in state or federal custody, seeks habeas relief on the theory that he is "being constrained" by an order terminating his parental rights issued by the King County Superior Court. (Dkt. No. 1 at 7.) Though Petitioner does not specify the exact relief he seeks, the Court understands that he ultimately wishes the termination order to be set aside and

1    nullified. Petitioner has named King County Superior Court Judge Marshall Ferguson, Mathew

2    Goguen, and Jie Goguen as the Respondents. Petitioner asserts that he appealed the termination

3    order issued by Judge Ferguson to the Washington State Court of Appeals, and lost his appeal.

4    (Id. at 8.) The Goguen Respondents appear to be the individuals who initiated the proceedings to

5    terminate Petitioner's parental rights. (Id. at 7.)

6                                              **ANALYSIS**

7    **A.     Legal Standard**

8           Federal courts are courts of limited jurisdiction, and are presumptively without

9    jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377

10   (1994). The petitioner bears the burden of establishing his case is properly filed in federal court.

11   See id. But the Court must independently examine whether it has subject matter jurisdiction over

12   a claim, and it may dismiss an action sua sponte for lack of jurisdiction. Franklin v. State of Or.,

13   State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981). "[I]f the court lacks subject matter

14   jurisdiction, it is not required to issue a summons or follow the other procedural requirements."

15   Id.

16          Federal courts have jurisdiction where an action arises under federal law, 28 U.S.C. §

17   1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the

18   amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). Here, Petitioner appears to pursue

19   claims under federal law, invoking the Court's subject matter jurisdiction under 28 U.S.C. §

20   1331.

21   **B.     The Court Lacks Subject Matter Jurisdiction**

22          There are two independent reasons the Court lacks subject matter jurisdiction.

23

24

1       First, Petitioner cannot pursue a habeas petition because he is not "in custody," as is

2   required to assert a habeas claim. "The federal habeas statute gives the United States district

3   courts jurisdiction to entertain petitions for habeas relief only from persons who are '<u>in custody</u>

4   in violation of the Constitution or laws or treaties of the United States.'" <u>Maleng v. Cook</u>, 490

5   U.S. 488, 490, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989) (quoting 28 U.S.C. § 2241(c)(3)

6   (emphasis added); citing 28 U.S.C. § 2254(a)). As Petitioner here admits, he is not in custody.

7   This is fatal to Petitioner's habeas petition and the Court lacks subject matter jurisdiction over it.

8   The Court DISMISSES the petition on this basis.

9       Second, even if Petitioner was "in custody," the Court lacks subject matter jurisdiction

10  under the <u>Rooker-Feldman</u> doctrine. "[T]he <u>Rooker–Feldman</u> doctrine bars suits 'brought by

11  state-court losers complaining of injuries caused by state-court judgments rendered before the

12  district court proceedings commenced and inviting district court review and rejection of those

13  judgments.'" <u>Carmona v. Carmona</u>, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting <u>Exxon Mobil</u>

14  <u>Corp. v. Saudi Basic Indust. Corp.</u>, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

15  "Under <u>Rooker–Feldman</u>, a federal district court does not have subject matter jurisdiction to hear

16  a direct appeal from the final judgment of a state court." <u>Noel v. Hall</u>, 341 F.3d 1148, 1154 (9th

17  Cir. 2003). Having reviewed the petition, the Court finds that the <u>Rooker-Feldman</u> doctrine

18  applies to Petitioner's claims because he seeks to appeal the Superior Court's final judgment

19  terminating his parental rights. Such relief is barred by the <u>Rooker-Feldman</u> doctrine. The Court

20  therefore lacks subject matter jurisdiction to entertain Petitioner's petition. This is an

21  independent basis on which the Court DISMISSES the petition.

22

23

24

1

**CONCLUSION**

2

The Court lacks subject matter over the habeas corpus petition for two independent

3   reasons. First, Plaintiff is not "in custody" and therefore cannot pursue habeas corpus relief.

4   Second, even if Plaintiff was "in custody," the <u>Rooker-Feldman</u> doctrine bars this action because

5   the Petitioner seeks to directly appeal the state court decision terminating his parental rights. On

6   these two independent bases the Court DISMISSES this action. Because these defects cannot be

7   cured through amendment, the Court's dismissal is WITH PREJUDICE.

8

The clerk is ordered to provide copies of this order to Petitioner and all counsel.

9

Dated August 15, 2023.

10

11

Marsha J. Pechman
United States Senior District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24