UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN ADAM DIXON,<br><br>Petitioner,<br><br>v.<br><br>MARSHALL FERGUSON, et al.,<br><br>Respondents. | CASE NO. C23-828 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Petitioner's Motion for Reconsideration. (Dkt. No. 8.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion.

Motions for reconsideration are disfavored in this District. See Local Civil Rule 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." And motions for reconsideration are limited to 2,100 words or six pages if written by hand or typewriter. Local Civil Rule 7(e)(1).

1    The Court finds no merit in Petitioner's Motion. First, Petitioner's twenty-one page
2  Motion is overlength. Because Petitioner has failed to provide a word count, the Court applies
3  the six-page limit. The Court could therefore strike all arguments presented after the sixth page.
4  But because Petitioner is appearing pro se, the Court has considered the full Motion.

5    Second, Petitioner has failed to show any manifest error in the Court's Order of
6  Dismissal (the only ground on which he seeks reconsideration). As the Court previously noted, a
7  petitioner seeking the writ of habeas corpus must be "in custody." Maleng v. Cook, 490 U.S.
8  488, 490, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989) (quoting 28 U.S.C. § 2241(c)(3)
9  (emphasis added); citing 28 U.S.C. § 2254(a)). Petitioner suggests that he is "in custody"
10 because of the order terminating his parental rights. But Petitioner fails to identify any authority
11 for this proposition and the Court finds no merit in it. This is fatal to his claim. Similarly,
12 Petitioner fails to convince the Court that it improperly found the Rooker-Feldman doctrine to
13 bar his claims. Petitioner suggests that the doctrine does not apply to his claims because they
14 present an independent challenge to the constitutionality of the custody termination process
15 itself. (See Mot. at 4-5 (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280
16 (2005) and Hood v. Keller, 341 F.3d 593, 597 (6th Cir. 2003)).) While the Court recognizes that
17 an independent challenge to the constitutionality of a state law could avoid the doctrine, such a
18 challenge is not truly independent if the relief sought effectively poses a "a challenge to the law's
19 application in a particular state case." Hood, 341 F.3d at 597. Here, Petitioner has not presented
20 an independent challenge to the legality of the parental termination process. Instead he
21 challenges the laws' application as to him and he seeks an order nullifying the state court's
22 judgment—not a declaration that the laws involved are unconstitutional. And the constitutional
23 challenges Petitioner identifies all appear to have been ones he could have raised in the
24

ORDER DENYING MOTION FOR RECONSIDERATION - 2

1  underlying action or on appeal. The Court finds no basis to reconsider its decision as to the

2  Rooker-Feldman doctrine, which is an independent basis for dismissal.

3      Petitioner has also taken issue with the Court's general explanation as to subjection

4  matter jurisdiction. But Petitioner has failed to identify any manifest error in the Court's

5  explanation of the law concerning subject matter jurisdiction.

6      The Court DENIES the Motion for Reconsideration.

7      The clerk is ordered to provide copies of this order to Petitioner and all counsel.

8      Dated August 25, 2023.

                                Marsha J. Pechman
                                United States Senior District Judge